# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY ANN BELL,**

    Plaintiff,

v.           **Case No. 04-C-802**

**INTEGRATED MAILING INDUSTRIES, LTD.,**

    Defendant.

## ORDER ON THE DEFENDANT'S MOTION TO DISMISS AND ALTERNATE MOTION TO STAY

Mary Ann Bell ("Bell"), who is proceeding pro se, filed a complaint against her former employer, Integrated Mailing Industries, Ltd. ("Integrated"), and two of her former supervisors. Bell alleges that her supervisors treated her unfairly, that her wages were improperly reduced, and that one of her supervisors laughed at her when he told her of the wage reduction. In addition, Bell claimed that her wage reduction was not the result of budget demands, as Integrated claims, and that the defendants' actions were the result of discrimination.

This court previously dismissed the two supervisors that Bell named as defendants and granted Integrated's motion for a more definite statement. (Order Jan. 14, 2005.). The court ordered Bell to file an amended complaint and advised Bell that she should set forth: the statute under which Bell

intends to proceed, the nature and basis for any discrimination, and any adverse employment actions caused by the Integrated's alleged discrimination. (Id.).

On May 13, 2005, in accordance with the amended complaint deadline established by the court, Bell filed a letter which further details her claims against Integrated. This letter was docketed as Bell's amended complaint and will hereinafter be referred to as such. The letter reads in full as follows:

> Honorable Magistrate Judge Aaron E. Goodstein
> The reason why I am filing the amendment 7 is I would like this to be reviewed thru a mediator to determine if I have probable cause. I feel I was discriminated against which lead to my constructive discharge by force from this job that I held for 11 years. I feel my sex was a factor which caused me to work in a hostile environment. As stated in previous letters which are on file; this has affected my life dramatically and has made it very hard for me to find equivalent employment. Upon completion of this case, I would like to file a counter suit against my former employer due to his retaliation against me after my suit was filed.

(Amd. Compl., Docket 31.).

In response to the amended complaint, Integrated filed a motion to dismiss and an alternate motion to stay. As grounds for the motion to dismiss, Integrated contends that the allegations set forth in Bell's amended complaint do not provide adequate notice as to what actions Bell claims were discriminatory or what adverse employment action, if any, is alleged. As grounds for its motion to stay, Integrated says that Bell filed a complaint with the Wisconsin Equal Rights Division ("ERD"), based on the same events at issue in this case. Integrated asks that this case be postponed until the ERD case is resolved.

Records obtained by the court, which are attached to this decision, indicate that Bell has withdrawn her ERD complaint and wishes to proceed in this forum exclusively. (Bell Request to Withdraw Compl., Sept. 14, 2005; ERD Order of Dismissal - Claims in Other Forums Not Dismissed,

2

Sept. 15, 2005.). Thus, there is no longer a risk that Integrated will be required to simultaneously defend its conduct in two different forums or that this court's evaluation of Bell's claims might result in inconsistent findings. The motion to stay is now moot, and will be denied as such. Accordingly, the court will turn its attention to Integrated's motion to dismiss and the sufficiency of Bell's amended complaint.

## MOTION TO DISMISS

To satisfy the notice pleading requirements set forth in Federal Rule of Civil Procedure 8, the plaintiff must set forth a short and plain statement that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Cler v. Illinois Educ. Ass'n., 423 F.3d 726, 729 (7th Cir. 2005); Walker v. Benjamin, 293 F.3d 1030, 1039 (7th Cir. 2002); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). However, a "complaint need not spell out every element of a legal theory" to provide notice. Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir.1998). In addition, the Federal Rules require only that the complaint state a claim, not that it plead the facts that if true would establish that claim was valid; all that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002)(citing Beanstalk Group, Inc. v. AM General Corp., 283 F.3d 856, 863 (7th Cir. 2002)). In other words, a complaint need contain only enough information "'to allow the defendant to understand the gravamen of the plaintiff's complaint.'" Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir.1999)(quoting Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996)).

In the present case, the court finds that Bell has given Integrated sufficient notice of her claims. While the amended complaint is somewhat difficult to read, and does not cite to a federal statute, Bell

3

Case 2:04-cv-00802-AEG   Filed 02/27/06   Page 3 of 7   Document 39

is proceeding pro se. This requires the court to construe the amended complaint liberally, subjecting it to less stringent scrutiny than complaints prepared by counsel. Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001)(internal citations omitted). Bell's amended complaint states that Integrated discriminated against her based on her sex, causing her to work in a hostile work environment and resulting in her constructive discharge. Based on this allegation, it is clear that Bell intends to proceed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). In addition, while Bell previously alleged in her complaint that she quit her job as a result of her wage decrease, Bell now classifies her resignation as a constructive discharge. This is important because one of the bases for Integrated's motion to dismiss is that Bell failed to identify any adverse employment action that resulted from its alleged discrimination. Yet, a constructive discharge, like actual discharge, is recognized as a materially adverse employment action. E.E.O.C. v. University of Chicago Hospitals, 276 F.3d 326, 331 (7th Cir. 2002).

To demonstrate constructive discharge, Bell must show that she was forced to resign because her working conditions, from the standpoint of the reasonable employee, had become unbearable. Id. (citing Lindale v. Tokheim Corp., 145 F.3d 953, 955 (7th Cir.1998)). If the plaintiff only alleges that he or she resigned because of discriminatory harassment, the plaintiff to demonstrate a discriminatory work environment "even more egregious than the high standard for hostile work environment." Id. (citing Tutman v. WBBM-TV, Inc., 209 F.3d 1044, 1050 (7th Cir.2000).

Bell's amended complaint references previous letters on file with the court that discuss how Integrated's actions have "affected [her] life dramatically and ha[ve] made it very hard for [her] to find equivalent employment." In other words, from Bell's perspective, Integrated's actions were severe. At this time, the court cannot rule out the possibility that a reasonable employee might feel the same

4

way. In addition, Bell submits more than a simple allegation that she resigned because of Integrated's discriminatory harassment—in previous submissions to the court, Bell said that her wages were decreased, leaving her with inadequate income to cover her living expenses. That reduction might "dramatically affect" the life of a reasonable employee, just as Bell claims it affected her life. Given these allegations, Bell it is possible for Bell to satisfy the heightened standard for constructive discharge claims and the somewhat lower standard for hostile work environment claims.

Furthermore, while Bell's initial complaint sets forth general allegations about the way she was treated by numerous supervisors, the complaint also sets forth a number of specific factual allegations and connects those allegations to her depression, a month-long leave of absence, and her resignation. Namely, Bell says that her supervisor, Bob Rawski, laughed at her when he told her of the wage reduction and that Integrated continued to hire new employees and to give current employees raises. According to Bell, these actions seemed contradictory to Integrated's position that its actions were necessary and due to budget demands. If Integrated contends that *some* of Bell's allegations are too vague to require their answer, it, of course, may deny those allegations due to lack of knowledge and affirmatively allege that the allegations are vague.

At this point in the litigation, the specific factual allegations that Bell has set forth in her submissions, and referenced in her amended complaint, allow the Integrated "to understand the gravamen of the [her] complaint." Payton, 184 F.3d at 627. Bell has not only set forth the legal theory for her case, but has also stated sufficient factual allegations to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8. This is perhaps most amply demonstrated by the pleadings that Integrated has filed thus far. For example, as grounds for its motion to stay, Integrated argues that Bell's complaint makes allegations that are nearly identical to the allegations in her ERD

5

complaint.  In presenting this argument to the court, Integrated necessarily believed that it had sufficient information about Bell's position to compare it to the ERD case <u>and</u> to conclude that the two cases are identical for all practical purposes.

In addition, the brief that Integrated filed in support of its first motion to dismiss, which is incorporated by reference in the pending motion (Integrated Br. at 3.), sets forth a statement of proposed findings of fact in opposition to Bell's allegations.  Among else, Integrated submits the following:

> 3.  Based on lack of sales and budgeting restraints in 2003, IMI restructured their pay scale to be competitive in the market.
>
> 4.  Ms. Bell's salary was reduced by $3.00 per hour to bring her in line with the National average for her position.
>
> 5.  Ms. Bell was still the highest paid non-manager in her department.
>
> * * *
>
> 8.  At no point was the basis for Ms. Bell's salary reduction based upon discrimination.

(Integrated Brief in Support of First Mot. to Dismiss at 2 (affidavit citations omitted).).

Given the factual response already set forth in Integrated's brief, as well as for the other reasons discussed herein, the court cannot conclude that Integrated is unable to file an answer. Integrated has demonstrated knowledge of what this case is about.  In addition, the court cannot conclude that even the most favorable construction of Bell's claims leaves her unentitled to relief. Accordingly, the motion to dismiss will be denied.

**IT IS THEREFORE ORDERED** that Integrated's motion to stay is **denied as moot.**

6

**IT IS FURTHER ORDERED** that Integrated's motion to dismiss is **denied.** Integrated shall file an answer to Bell's amended complaint, which the court construes to include the allegations set forth in her original complaint no later than **March 20, 2006.**

**IT IS FURTHER ORDERED** that the court will conduct a Rule 16 scheduling conference on **Tuesday, March 28, 2006**, at **9:00 a.m.** in Courtroom 254, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The parties should be prepared to discuss discovery, and discovery and motions deadlines will be established.

Dated at Milwaukee, Wisconsin this 27th day of February, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge