UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANN BELL,

    Plaintiff,

v.

                                Case No. 04-C-802

INTEGRATED MAIL INDUSTRIES, LTD.,

    Defendant.

## ORDER DENYING THE PLAINTIFF'S MOTION TO AMEND

    Mary Ann Bell ("Bell"), initially proceeding pro se, filed a complaint alleging that her supervisors treated her unfairly, that her wages were improperly reduced, and that one of her supervisors laughed at her when he told her of the wage reduction. In addition, Bell claimed that her wage reduction was the result of gender discrimination and not budget demands, as the defendant claims. Bell filed an amended pro se complaint alleging discrimination in the form of constructive discharge, hostile work environment, and retaliation. (Amd. Compl. Docket 31). In response to the amended complaint, Integrated Mail Industries, Ltd. ("Integrated") filed a motion to dismiss, which argued that the amended complaint did not provide adequate notice of the facts supporting Bell's claims. The court denied that motion and subsequently permitted Bell, by her newly retained counsel, to file a motion to amend her complaint for the second time or a stipulation that the parties agree to a second amendment of the complaint.

On April 17, 2006, in accordance with the deadline established by the court, Bell filed a "Notice and Motion to Amend Complaint." In that submission, Bell alleges that she was subjected to a hostile work environment, that she was constructively discharged because of her sex and race, and that Integrated retaliated against her after she pursued administrative remedies. In addition, Bell alleges in her motion that Integrated's actions caused her to incur medical expense and loss of earnings.

Integrated objected to Bell's motion to amend on two grounds. First, Integrated says that the court's scheduling order did not permit Bell to file a second amended complaint—the order required Bell to file either a stipulation or a motion to amend her complaint. The "Notice and Motion to Amend Complaint" that Bell filed does not set forth grounds for amendment and does not make a request of the court. Thus, Integrated argues that the submission, despite its label, is essentially an amended complaint filed in contravention of the court's scheduling order. In addition, as a second objection to the amended complaint, Integrated argues that Bell should not be permitted to assert claims that she did not raise during administrative proceedings.

Pursuant to Federal Rule of Civil Procedure 15(a), a party in Bell's position may amend her pleading by "leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, leave to amend need not be given if there is an apparent reason not to do so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 632 (7th Cir. 2001)(internal citations omitted); <u>see</u> <u>also</u> <u>Guise v. BWM Mortgage,</u>

L.L.C., 377 F.3d 795, 801 (7th Cir.2004); Eastern Natural Gas Corp. v. Aluminum Co. of America, 126 F.3d 996, 999 (7th Cir. 1997).

With these standards in mind, the court concludes that amendment of the complaint is not appropriate in this case. It is clear to the court that Bell has not previously raised at least some of the claims asserted in her proposed amended complaint. The most obvious example of this is Bell's allegation that she is an African American and that Integrated discriminated against her on the basis of her race. That claim was not pursued by Bell in administrative proceedings or in her initial or amended complaint. Prior to the proposed amended complaint, Bells' basis for the alleged discriminatory treatment against her has been gender/sex. Moreover, Bell has submitted additional information about her position to the court on numerous occasions, and none of those submissions hint that Bell is alleging race discrimination. (See Bell Ltr. Sept. 14, 2004; Bell Aff. Dec. 13, 2004; Bell Ltrs. July 14, 2005).

While the court is to liberally permit parties to amend their pleadings, it is clear that Integrated had no formal notice of at least some of the issues that Bell hopes to now raise for the first time. Yet, if Bell contends that Integrated discriminated against her on the basis of her race, facts relevant to that allegation would have been known to Bell prior to the time that she commenced this suit. With this in mind and without any grounds asserted in her recent submission, the court cannot conclude that the considerations discussed in Chavez and the other Seventh Circuit decisions cited above—undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment—do not apply in this case. Integrated has already answered Bell's first amended complaint, and fact discovery is scheduled to close on June 20, 2006. Thus, to the extent that Bell intended her submission, which is essentially an amended

3

complaint, to be a motion, the motion is hereby **denied.** The parties shall proceed on the pleadings already of record and shall adhere to the applicable deadlines set forth in the court's previous scheduling order.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 24th day of May, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge